UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL FIGURA,

    Defendant.

Case No. 2:18-cr-20128-4
Civil Case No. 2:19-cv-13625

HONORABLE STEPHEN J. MURPHY, III

_____/

## OMNIBUS OPINION AND ORDER

Defendant Michael Figura pleaded guilty to one count of participating in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). ECF 74, PgID 11399. The Court then sentenced Defendant to 375 months' imprisonment. ECF 156, PgID 3192.

Defendant timely petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. ECF 193. Then, after the Government responded to the petition, Defendant moved for an extension of time to file a reply and for the Government to produce certain documents. ECF 206, 207. The Court later entered a stipulated order and extended Defendant's time to reply, ECF 213, which he did, ECF 214. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny Defendant's motion to produce documents and the § 2255 motion.

## BACKGROUND

Defendant challenges his sentence under 28 U.S.C. § 2255 on two grounds. First, Defendant asserts that his counsel was ineffective for not filing a notice of appeal. ECF 193, PgID 3478. And second, he asserts that his counsel was ineffective for stipulating to a guideline enhancement under the United States Sentencing Guidelines Manual § 4B1.5(b)(1). *Id.* at 3479.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will first address the pending non-dispositive motions. ECF 207, 206. Then the Court will address Defendant's § 2255 petition. ECF 193.

2

I. <u>Motion to Produce Documents and Motion for Extension of Time to File Reply</u>

Defendant requested a copy of the sentencing transcript. ECF 207. After Defendant filed the pending motion, the Government provided him a copy of his sentencing transcript. ECF 208, PgID 3615. The motion to produce is therefore moot. Defendant's motion for an extension of time to file a reply brief, ECF 206, is also moot because the Court entered a stipulated order extending Defendant's reply deadline. ECF 213.

II. <u>Section 2255 Habeas Petition</u>

Both of Defendant's grounds for relief rest on allegations of ineffective assistance of counsel. *See* ECF 193, PgID 3478–79. To succeed on any of his ineffective assistance of counsel claims, Defendant must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

    A. *Failure to File Notice of Appeal*

For the first ground, Defendant claimed that his trial counsel was constitutionally ineffective because he failed to file a notice of appeal. ECF 193, PgID 3478. "[C]ounsel has a constitutionally imposed duty to consult with the [D]efendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal," or (2) that the defendant "reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

In this case, Defendant's trial counsel had no reason to think that a rational defendant would want to appeal. Defendant entered into a plea agreement under which he waived his right to appeal. ECF 74, PgID 693. And the Court sentenced Defendant below the sentencing guideline range. *Compare id.* 701 (sentencing worksheet showing Defendant's guideline range was life imprisonment) *with* ECF 156, PgID 3192 (judgment issuing a 375-month sentence). And "counsel had no duty to consult with [Defendant] about an appeal because [his] guilty plea, [his] below-Guidelines sentence, and [his] appeal waiver indicate that a rational defendant would not have wanted to appeal." *Goode v. United States*, Case No. 19-1218, ECF 6-2, PgID 2 (6th Cir. Oct. 18, 2019) (citing *Flores-Ortega*, 528 U.S. at 480). Thus, Defendant did not meet the first prong of the *Flores-Ortega* standard.

And second, Defendant never stated that he, or anyone on his behalf, told his counsel that he wanted to appeal or demonstrated that he wanted to appeal. Because Defendant did not reasonably demonstrate to counsel that he was interested in appealing he did not meet the second *Flores-Ortega* criterion. 528 U.S. at 480. Because Defendant did not meet either *Flores-Ortega* prong, his request for relief based on counsel failing to file a notice of appeal fails.

  B. *Stipulating to Guideline Enhancement*

Next, Defendant argued that his trial counsel was constitutionally ineffective because he stipulated that the Court apply both U.S.S.G. §§ 2G2.6 and 4B1.5 when it calculated his sentence. ECF 193, PgID 3479, 3487–90. On habeas review, Defendant specifically argued that the Court's application of both §§ 2G2.6 and 4B1.5 lead to

4

impermissible double counting that increased his sentencing guideline range. *Id.* at 3489. "[D]ouble counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Duke*, 870 F.3d 397, 404 (6th Cir. 2017) (quotations omitted). But Defendant's argument lacks merit because "§ 4B1.5(b)(1) expressly states that an enhancement under § 4B5(b)(1) and an enhancement under Chapter Two of the Guidelines—which includes § 2G2.[6]—may apply in a single case." *United States v. Brown*, 784 F. App'x 308, 311 (6th Cir. 2019) (quotations omitted); *see also United States v. Dowell*, 771 F.3d 162, 170–71 (4th Cir. 2014) (same). Because the Guidelines allow for both §§ 2G2.6 and 4B1.5 to apply in a single case, the Court did not impermissibly double count. As a result, Defendant cannot show that he was prejudiced by his counsel's failure to object, and his second ineffective assistance of counsel claim must fail. *See Dixon v. Houk*, 737 F.3d 1003, 1008 (6th Cir. 2013) (To succeed under *Strickland* the moving party "must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quotation omitted).

Because both of Defendant's ineffective assistance of counsel claims lack merit the Court will deny the pending § 2255 motion and close the corresponding civil case.

III.     Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

5

Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [193] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an extension of time to file a reply [206] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion to produce [207] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** Civil Case No. 2:19-cv-13625.

**SO ORDERED**.

                        s/Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated: March 29, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2021, by electronic and/or ordinary mail.

                        s/David P. Parker
                        Case Manager