# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 15, 2021

Mr. Andrew Goetz
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Mark J. Kriger
Mr. N.C. Deday LaRene
LaRene & Kriger
645 Griswold Street
Suite 1717
Detroit, MI 48226

Re: Case No. 21-1352, *Michal Figura v. USA*
Originating Case No.: 2:18-cr-20128-4 : 2:19-cv-13625

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Sharday S. Swain
Case Manager
Direct Dial No. 513-564-7027

cc: Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No. 21-1352

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 15, 2021
DEBORAH S. HUNT, Clerk

MICHAL FIGURA, )
)
    Petitioner-Appellant, )
)
v. )    O R D E R
)
UNITED STATES OF AMERICA, )
)
    Respondent-Appellee. )

Before: GILMAN, Circuit Judge.

    Michal Figura, a federal prisoner proceeding through counsel, appeals a district court judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. Figura requests a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    In 2018, with the benefit of a written plea agreement, Figura pleaded guilty to engaging in a child-exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). The plea agreement included a sentence agreement and recommendation. The parties agreed that Figura's sentencing guidelines range was life in prison and recommended a life sentence for Figura. That recommendation was based on sentencing guidelines calculations that included a five-level enhancement to Figura's adjusted offense level for being a repeat and dangerous sex offender against minors under USSG § 4B1.5. The district court imposed a below-guidelines sentence of 375 months in prison followed by five years of supervised release, and it ordered restitution of $105,000. Figura did not appeal.

    In his pro se motion to vacate, Figura asserted that he was denied effective assistance of counsel because counsel (1) failed to file a notice of appeal, and (2) stipulated to the five-level enhancement to his offense level under § 4B1.5(b)(1). He subsequently retained counsel. The district court denied Figura's motion to vacate and denied a certificate of appealability.

A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate-of-appealability analysis is not the same as "a merits analysis." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the certificate-of-appealability analysis is limited "to a threshold inquiry into the underlying merit of [the] claims," and whether "the District Court's decision was debatable." *Id.* at 774 (alteration in original) (quoting *Miller-El*, 537 U.S. at 327, 348).

Figura has abandoned his first ineffective-assistance-of-counsel claim because he does not request a certificate of appealability for it. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

In rejecting Figura's second ineffective-assistance-of-counsel claim, the district court concluded that counsel was not ineffective for stipulating to the application of both USSG §§ 2G2.6 and 4B1.5(b)(1) because, contrary to Figura's argument, applying both sections did not amount to impermissible double counting.

To establish ineffective assistance of counsel, a defendant must show deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In the context of a sentencing challenge, the prejudice inquiry requires the defendant to demonstrate "a reasonable probability that, but for counsel's errors, [his] sentence would have been different." *Weinberger v. United States*, 268 F.3d 346, 352 (6th Cir. 2001).

"It is well established that 'impermissible "double counting" occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Duke*, 870 F.3d 397, 404 (6th Cir. 2017) (quoting *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999)). However, "a court may impose two enhancements arising from the same

No. 21-1352
- 3 -

conduct, provided the enhancements 'penalize distinct aspects of [a defendant's] conduct and distinct harms.'" *United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015) (quoting *United States v. Smith*, 516 F.3d 473, 476 (6th Cir. 2008)).

Reasonable jurists would not debate the district court's rejection of Figura's ineffective-assistance-of-counsel claim pertaining to his sentence enhancement. *See Miller-El*, 537 U.S. at 327. Application of the sentence enhancement under § 4B1.5(b)(1) in Figura's case did not result in impermissible double counting. Although both the base offense level in § 2G2.6 and the § 4B1.5(b)(1) sentence enhancement require the defendant to engage in multiple incidents or activities, no double counting occurred because § 4B1.5(b)(1) punishes distinct aspects of the defendant's conduct, specifically "a pattern of activity involving prohibited sexual conduct," that the base offense level does not. *See Sweet*, 776 F.3d at 451. In contrast, the base offense level punishes a defendant for specific offense conduct—"a series of felony violations constituting three or more separate incidents and involving more than one victim" committed "in concert with three or more other persons." 18 U.S.C. § 2252A(g)(2); *see United States v. Hickman*, 766 F. App'x 240, 251 (6th Cir. 2019) (concluding that the relevant inquiry for purposes of impermissible double counting "is not whether the elements of [the defendant's] *offense* include the same conduct as the enhancement, but whether 'the base offense level' for which the defendant is sentenced includes the same conduct as the enhancement"); *see also United States v. Hollan*, 948 F.3d 753, 759 (6th Cir. 2020) (holding that engaging in a child-exploitation enterprise is a "covered sex crime" for purposes of § 4B1.5(b)). Counsel is not ineffective for failing to pursue a meritless issue or argument. *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011).

Accordingly, the application for a certificate of appealability is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk